Certiorari; from Morgan superior court—Judge Park.   December 4, 1915.

*M. C. Few,* for plaintiff.   *E. H. George,* for defendant.

---

### 7190.   GOLDSTEIN *v.* SCIPLE SONS.

BROYLES, J.   Under the facts of this case the court did not err in refusing to sanction the writ of certiorari.          *Judgment affirmed.*

DECIDED JULY 19, 1916.

Certiorari; from Fulton superior court—Judge Pendleton.   November 8, 1915.

*Friedson & Massell,* for plaintiff in error.

*Dillon & Burress,* contra.

---

### 7193.   ARTER *v.* MURPHEY.

BROYLES, J.   There being no assignment of error whatever in the bill of exceptions, the writ of error is          *Dismissed.*

DECIDED JULY 19, 1916.

Certiorari from Fulton superior court—Judge Pendleton.   November 26, 1915.

*Howell C. Erwin,* for plaintiff in error.

*Anderson, Slate & D'Orr,* contra.

---

### 7194.   SPILLER-BEALL COMPANY *v.* HIRSCH.

HODGES, J.   1.   A note in form, "We promise to pay," etc., "and, whether maker, indorser, or surety, severally agree to pay all costs of collection," reciting that it is "given under the hand and seal of each party," and signed, on one line, "Spiller-Beall Co. (L. S.)," and directly below, on the next line, "R. J. Spiller, Pres.," is the note of the corporation, and is not the joint note of Spiller-Beall Company and R. J. Spiller.

2.   Testimony of the plaintiff, that when the note "was discounted and he got the money, it was [his] note," was not a mere conclusion of the witness, but a statement of fact.

3.   The plaintiff presented the note to the court as its holder, and the holder of a negotiable note is presumed to be the bona fide owner thereof, and for value; and "unless the defendant negatives one or both of these facts, he is shut off from any defense which he might